JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
Northern District of California
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR  (CSBN 56320)
Assistant United States Attorney
    450 Golden Gate Avenue, 9th Floor
    P.O. Box 36055
    San Francisco, CA 94102-3495
    Telephone:   (415) 436-7200
    Facsimile:   (415) 436-6748

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL CORBETT,<br><br>        Defendant. | CIVIL NO: C 06-6277 MHP<br><br>**CONSENT DECREE** |

    WHEREAS, Plaintiff, United States of America ("Plaintiff" or "the United States"), through its undersigned attorneys, filed a Complaint for Ejectment, Trespass, Injunctive Relief and Damages ("Complaint") in the United States District Court for the Northern District of California, alleging that the Defendant Michael Corbett ("Defendant" or "Corbett") is unlawfully occupying real property of the United States within the Oakland Inner Harbor Tidal Canal ("OIHTC"); and,

//
//
//

WHEREAS, Plaintiff and Defendant have agreed that settlement of this action is in the public interest and that the entry of this Consent Decree (hereafter also referred to as "Decree") without further litigation is the most appropriate means of resolving this action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## **GENERAL PROVISIONS**

1) This civil action was instituted to eject the Defendant from public land held by the Department of the Army, and to require the Defendant to vacate and remove his personal property, structures and their appurtenances within the OIHTC.

2) This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because the subject real property is situated in the County of Alameda, within this judicial district, and the Defendant also resides in this district.

3) The Complaint states claims upon which relief can be granted.

4) The structures and real property which are the subject of this Decree are located at 3223 and 3225 Alameda Avenue, Oakland, California (herein also referred to as "the Premises"), within the OIHTC. The Defendant represents that he is sole and only owner of both structures on the Premises and agrees not to hereafter contest the ownership of the said structures in this proceeding.

5) The Defendant is responsible for his spouse, agents, employees, successors, heirs, and assigns, and any person, firm, or corporation acting in concert or participation with the Defendant with regard to the full compliance with the terms and conditions of this Consent Decree.

6) The Defendant shall not be relieved of his compliance with the terms and conditions of this Consent Decree on the grounds that his spouse, agents, employees, successors, heirs, and assigns, and any person, firm, or corporation acting in concert or participation with the Defendant have failed to comply with the said terms and conditions.

7) This Court shall retain jurisdiction over this case to modify and/or enforce the terms and conditions of this Decree and to resolve such disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Decree.

8) If either party fails to perform under the terms of this Decree, the prevailing party shall be entitled to reasonable expenses incurred in enforcing the requirements of this Decree, including, but not limited to, attorney's fees.

## **SCOPE OF CONSENT DECREE**

9) This Decree shall constitute a complete and final settlement of all civil claims for relief and/or penalties related to the Premises.  Specifically, the United States agrees that this settlement encompasses all current claims against Defendant by the Army Corps of Engineers with regard to the Premises.

10) This Decree is not and shall not be interpreted to be a permit or modification of any existing permit.

11) This Decree in no way affects or relieves the Defendant of his responsibility to comply with any applicable federal, state, or local law, regulation, or permit.

12) This Decree in no way affects the rights of the United States against any person not a party to this Decree.

13) Both parties reserve any and all legal and equitable remedies available to enforce the provisions of this Decree and applicable law.

14) Nothing in this Decree shall constitute an admission of fact or law by any party.

15) Upon approval of this Court, this Decree shall have the force and effect of a final judgment.

## **NOTICE**

16) All notices, reports, and submissions and other communications required by this Decree shall be in writing and shall be sent by U.S. mail, addressed as follows:

For the Corps of Engineers:

> MERRY GOODENOUGH
> District Counsel
> United States Army Corps of Engineers
> 1455 Market Street, Suite 1660
> San Francisco, California, 94103-1398

//

//

**CONSENT DECREE**
*U.S. v. MICHAEL CORBETT,* **C 06-6277 MHP**                                                                    -3-

1  For the United States Attorney's Office:

2      CHARLES M. O'CONNOR
    Assistant United States Attorney
3      450 Golden Gate Avenue, 9th Floor
    P.O. BOX 36055
4      San Francisco, California, 94102

5  For the Defendant:

6      MATTHEW J. WEBB
    LAW OFFICES OF MATTHEW J. WEBB
7      409 13th Street, 17th Floor
    Oakland, California 94612

8

## PROVISIONS FOR REMOVAL

9     17) Not later than 30 calendar days after the Court signs this Decree, the Defendant shall, at

10  his own expense and subject to the reasonable approval of the Corps of Engineers, prepare and

11  submit a plan for removal (entitled "Removal Plan") of the structures on the Premises, including

12  but not limited to all parts of the structure currently supported by pilings, except pilings to which

13  they are attached.

14     18) The Defendant shall, at his own expense, prepare and submit to the Corps for approval a

15  schedule for implementation of the Removal Plan ("Schedule for Removal") not later than 15

16  calendar days after notice to Defendant's counsel of the Corps' approval of the Removal Plan.

17  The Schedule for Removal must provide for completion of all parts of the Removal Plan not later

18  than 365 calendar days after Defendant's counsel is notified of the Corps' approval of the

19  Schedule for Removal (also referred to herein as the "Schedule"), which approval shall not be

20  unreasonably withheld.

21     19) The Defendant shall, at his own expense, obtain any and all other necessary approvals or

22  permits for all parts of the Removal Plan in conformance with the Schedule, from any and all

23  other federal, state and/or local authorities. The Defendant shall exercise good faith and due

24  diligence in making timely application for such approvals and permits and timely comply with all

25  requirements of the responsible authorities. The Corps' will not require permits for the removal

26  of the structure, and the Defendant will not conduct operations under this Decree in a manner that

27  would invoke Section 10 and/or 13 of the Rivers and Harbors Act of 1899 or the Clean Water

28

**CONSENT DECREE**
*U.S. v. MICHAEL CORBETT,* **C 06-6277 MHP**                                                      **-4-**

Act. The Corps will document to other governmental agencies, if required, that U.S. District Court has ordered the removal of this structure pursuant to this Decree.

20) The Corps' agrees that unforseen permitting from various governmental agencies may preclude the Defendant from completing the scheduled project. In the event of delays caused by other governmental agencies, the Corps' will grant reasonable extensions of time for completion of the project so long as Defendant proceeds diligently and in good faith.

## JUDGMENT

21) The entry of a judgment in the sum of TWO HUNDRED FIFTY THOUSAND and NO/100s DOLLARS ($250,000.00) may be requested by the United States, pursuant to an ex parte application to the Court, upon any failure of the Defendant to comply with any and all terms and conditions of this Decree, including but not limited to

a) the respective deadlines and terms provided in paragraphs 17) through 20), above; and,

b) fully completes the Removal Plan in accordance with the approved Schedule for Removal, including all deadlines for completion within the Schedule for Removal.

The only defense to entry of said judgment is the Defendant's full and complete compliance with all terms and conditions of this Decree.

## SAFEGUARDS

22) If the Defendant:

a) fails to comply with all terms and conditions of this Decree, including the satisfaction of all deadlines and fully complete the Removal Plan, in accordance with the approved Schedule for Removal; or,

b) files a voluntary petition in bankruptcy under the Bankruptcy Code of the United States, or is/are adjudicated bankrupt under such Code; or,

c) is the subject of a petition filed in Federal or State Court for the appointment of a trustee or receiver in bankruptcy or insolvency; or,

d) transfers funds or other assets to avoid satisfaction of this Consent Decree and/or the monetary judgment provided in paragraph 21, above; or,

//

**CONSENT DECREE**
*U.S. v. MICHAEL CORBETT,* **C 06-6277 MHP**                                                           -5-

e) makes a general assignment for the benefit of creditors,

it is hereby ordered that Corbett, his spouse, tenants, and any other person occupying the Premises must vacate the Premises within 60 days of the date the Plaintiff files a declaration under oath describing the occurrence of any of the events described in a) through d) of this paragraph. Further, upon the filing of such declaration, the United States may take all steps necessary to arrange for completion of the Removal Plan by a qualified contractor of its choice, at its sole discretion. The Defendant shall also be liable for attorney's fees and costs incurred by the United States as a result of any of the actions of the Defendant, as set forth at a. through d., above. Further, upon the occurrence of any of the events or conditions described in a) through e) of this paragraph, the Defendant shall give immediate notice to the United States Attorney's Office and the Corps of Engineers, pursuant to the Notice section, Paragraph 16, above.

23) The United States shall be deemed a judgment creditor for the purposes of collecting the judgment described in Paragraph 21, above, and any attorneys' fees or costs.

24) This Decree does not grant any property rights or exclusive privileges.

25) This Decree does not authorize any injury to the property rights of others.

26) This Decree does not impose any liability on the United States government nor does the United States government assume any liability for the following:

a) Damages to persons, or the property of others caused by implementation of the Removal Plan.

b) Design or construction deficiencies associated with the Removal Plan.

27) This Court shall retain jurisdiction over this matter until all obligations have been satisfied and all terms are carried out, as certified by the United States.

**FORCE MAJEURE**

28) If the Defendant has not complied with any requirement of this Consent Decree, Defendant shall, within fifteen (15) days of the date of his having a reasonable basis to believe that he may be in noncompliance, notify the Corps and the United States Attorney in writing, at the addresses set forth in paragraph 16 of this Consent Decree, of any event or events which have caused the non-compliance. The notice shall specifically refer to this section of the Consent

**CONSENT DECREE**
*U.S. v. MICHAEL CORBETT,* **C 06-6277 MHP**                                                    -6-

1  Decree and shall describe the anticipated length of time the noncompliance may persist; the cause
2  or causes of the noncompliance; the measures, if any, taken or to be taken by the Defendant to
3  prevent or minimize the noncompliance; and the timetable, if any, by which those measures will
4  be implemented.   Defendant shall adopt all reasonable measures to avoid or minimize any such
5  noncompliance.   Failure by the Defendant to comply with the notice requirements of this
6  paragraph shall render shall constitute a waiver of the Defendant's right to obtain an extension of
7  time for his obligations under this Consent Decree.

8      29) The Defendant shall bear the burden of demonstrating (1) that the noncompliance was
9  caused by circumstances beyond the control of the Defendant and/or any entity controlled by the
10 Defendant, including his contractors or consultants;   (2) that neither the Defendant nor any entity
11 controlled by the Defendant, including its contractors and consultants, could have reasonably
12 foreseen and prevented such noncompliance; and, (3) the number of days of noncompliance that
13 were caused by such circumstances.

### **RELEASE**

15     30)   The Defendant hereby releases and holds harmless the United States and its agents and
16 employees from any liability for damages or any loses resulting from the initiation and
17 prosecution of this action.

18     31)   The Defendant specifically waives any and all rights to seek compensation for a taking
19 under the 5th Amendment, United States Constitution.

20     32)   Except for claims arising out of a breach of this agreement, as set forth above, the
21 Plaintiff and Defendant each agree to bear their own costs of suit, including attorneys fees, and
22 release and mutually discharge any other claims relating to the Premises and the removal of the
23 structures.

24     33)   Upon full compliance and completion of the terms and conditions of this Consent
25 Decree, the Plaintiff will submit a satisfaction of Consent Decree to the Court.

26 //
27 //
28 //

**CONSENT DECREE**
*U.S. v. MICHAEL CORBETT,* **C 06-6277 MHP**                                                                                          -7-

**ACKNOWLEDGMENT**

34) The Defendant acknowledges receipt of copies of the Complaint it the above-captioned case and this Consent Decree, acknowledges that he is familiar with their terms, and waives service of process for these documents.  By his signature the Defendant certifies that he is competent to enter into terms and conditions of this Consent Decree and to execute and legally bind himself to this document and the terms and conditions herein.

Dated: March 24, 2008

/s/
_____
MICHAEL CORBETT
Defendant

Dated: March 24, 2008             LAW OFFICES OF MATTHEW J. WEBB

/s/
_____
MATTHEW J. WEBB

Attorneys for Defendant

Dated:   March 24, 2008           JOSEPH P. RUSSONIELLO
United States Attorney

/s/
_____
CHARLES M. O'CONNOR
Assistant United States Attorney

Attorneys for Plaintiff

Of Counsel:
MERRY GOODENOUGH
District Counsel
U.S. Army Corps of Engineers

**ORDER**

The above Consent Decree is approved AND SO ORDERED.

Dated: March 26, 2008

_____
MARILYN H. PATEL
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED* — Judge Marilyn H. Patel

**CONSENT DECREE**
***U.S. v. MICHAEL CORBETT,* C 06-6277 MHP**                                                                -8-